### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAVANNA ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF OKLAHOMA, *ex rel.*, )<br>Okla. Dept. of Human Services, )<br>)<br>Defendant. ) | Case No. CIV-20-1100-D |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 5], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded [Doc. No. 10] in opposition to the Motion, which is fully briefed.[1]

Plaintiff is a female former employee of the Oklahoma Department of Human Services (OKDHS) who claims she suffered gender discrimination in the form of a sexually hostile work environment, and retaliation for complaining of sexual harassment. She filed a timely charge of discrimination with the EEOC and, after receiving notice of her right to sue, filed this case in state court under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. Defendant timely removed the case to federal court and filed the instant Motion. Defendant challenges the sufficiency of Plaintiff's pleading to state any claim against it.[2]

---

[1] The time period for filing a reply brief has expired.   *See* LCvR7.1(i).

[2] In keeping with federal practice, Plaintiff's Petition [Doc. No. 1-4] will be referred to as the Complaint.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679; *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1248 (10th Cir. 2008) (degree of specificity needed to establish plausibility "depends on context"). The question is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

**Discussion**

**A.     Hostile Work Environment**

Defendant contends the factual allegations of the Complaint fail to show the existence of a hostile work environment that interfered with Plaintiff's work performance but, instead, describe "isolated circumstances [of hostile behavior] which stopped after she complained." *See* Def.'s Mot. at 5.[3]

---

[3]  Defendant's assertion that the abusive conduct stopped after Plaintiff complained is not based on facts alleged in the Complaint and suggests a defense to liability under *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1988), and *Faragher v. Boca Raton*, 524 U.S. 775 (1988), that is not appropriate for consideration under Rule 12(b)(6).

2

A hostile work environment that violates Title VII is one involving harassment based on a prohibited factor, such as gender, that is "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). "Severity and pervasiveness are evaluated according to the totality of circumstances, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993), considering such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (internal quotation omitted). "Abusive conduct that is either severe *or* pervasive is actionable; it does not have to be both." *Morris v. City of Colo. Springs*, 666 F.3d 654, 665 (10th Cir. 2012) (quoting 3 Lex K. Larson, *Employment Discrimination* § 46.05[3][b], at 46-82 (2d ed. 2011)).

Upon consideration of the factual allegations of the Complaint, the Court finds them to be minimally sufficient to state a plausible claim that Plaintiff experienced a hostile work environment while employed by Defendant. Plaintiff alleges that, for half of her three-month period of employment, she endured conduct by a male coworker who engaged in both verbal and physical acts of sexual misconduct, including touching Plaintiff and her clothing. Accepting the alleged facts as true and viewing them in the light most favorable to Plaintiff as required by Rule 12(b)(6), the Complaint describes circumstances that a reasonable person could find to be abusive. In the context of this case, the Court finds that the Complaint gives Defendant fair notice of Plaintiff's hostile work environment claim

3

and satisfies Rule 8(a).  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("Rule 8(a)(2) still lives."); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Therefore, Defendant's Motion for dismissal of this claim should be denied.

**B.     Retaliation**

Defendant asserts that Plaintiff's factual allegations do not establish the third element of a retaliation claim, that is, "a causal connection existed between the protected activity and the materially adverse action."  *See Argo v. Blue Cross & Blue Shield of Kans., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006). Specifically, Defendant contends the Complaint "fail[s] to allege facts demonstrating that the adverse action taken by OKDHS was caused by Plaintiff's complaints of sexual harassment."  *See* Det.'s Mot. at 6. Defendant argues that a six-week period between Plaintiff's internal complaint and the termination of her employment, as alleged in the Complaint, lacks sufficient temporal proximity to show causation. This argument is inconsistent with controlling case law. *See*, *e.g.*, *Trujillo v. PacifiCorp.*, 524 F.3d 1149, 1157 n.5 (10th Cir. 2008) (summarizing cases). Therefore, the Court finds that Defendant's Motion for dismissal of Plaintiff's retaliation claim should be denied.

## Conclusion

For these reasons, the Court finds that the Complaint states plausible Title VII claims of hostile work environment and retaliation.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. No. 5] is **DENIED**.

**IT IS SO ORDERED** this 9th day of December, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge